FILED
United States Court of Appeals
Tenth Circuit

September 3, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUSTIN RYAN LONG,

      Petitioner-Appellant,

v.

T.C. PETERSON,

      Respondent-Appellee.

No. 07-6229

W.D. Okla.

(D.C. No. 07-CV-803-R)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Justin Ryan Long, a state prisoner proceeding pro se[1] and in forma pauperis, filed a petition for writ of a habeas corpus under 28 U.S.C. § 2254. The district court dismissed the petition as untimely but granted Long a certificate of appealability (COA) on the issue of whether Long is entitled to equitable tolling of the statute of limitations based on his claim of actual innocence. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Because Long has not demonstrated

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

actual innocence, we affirm.

## I.  BACKGROUND

On May 1, 2000, Long, who was fifteen years old at the time, stabbed his adoptive father to death.  He was charged in Oklahoma state court with First Degree Malice Aforethought Murder.  After a hearing, he was adjudicated an adult.  Long waived his right to a jury trial.  A bench trial was held and the trial court found him guilty.  Long was sentenced to life imprisonment without the possibility of parole.  The Oklahoma Court of Criminal Appeals (OCCA) affirmed and the United States Supreme Court denied certiorari on January 26, 2004.  *See Long v. State*, 74 P.3d 105, 109 (Okla. Crim. App. 2003), c*ert. denied*, 540 U.S. 1163 (2004).

On January 20, 2004, Long filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court alleging eight claims which he raised in his direct appeal.  On March 2, 2004, he filed a state petition for post-conviction relief.  He subsequently moved to amend his federal petition to add claims which were the subject of the pending state petition.  On May 3, 2004, the district court granted the motion to amend and dismissed the federal petition without prejudice for failure to exhaust state court remedies.

On July 9, 2004, the state trial court denied Long's March 2004 petition for post-conviction relief.  The OCCA dismissed his subsequent appeal for failure to timely file an intent to appeal.  On February 17, 2005, after granting Long's

request for leave to appeal out-of-time, the OCCA affirmed the denial of post-conviction relief. On August 24, 2006, Long returned to federal court, filing another § 2254 petition. On October 31, 2006, the district court dismissed the petition without prejudice due to Long's failure to pay the filing fee despite having been granted an extension of time to do so.

On July 18, 2007, Long filed the instant § 2554 petition alleging actual innocence, ineffective assistance of trial counsel, various trial court errors and juvenile court bias. The matter was referred to a magistrate judge who determined the petition was untimely and directed Long to show cause why it should not be dismissed as time-barred. Long conceded the petition was untimely. However, he argued the untimeliness should be excused to prevent a fundamental miscarriage of justice in that he is actually innocent of the crime charged, *i.e.*, murder in the first degree, "even though he did cause the death of another person." (R. Doc. 9 at 3.)

The magistrate judge issued a report and recommendation recommending the petition be dismissed as time-barred. He concluded Long was not entitled to equitable tolling based on his actual innocence claim because (1) the OCCA had already thoroughly addressed and rejected Long's claim that he lacked the requisite intent to commit murder in the first degree and (2) the only new evidence submitted by Long was a self-serving affidavit alleging his mother influenced the trial judge, which did not show Long was actually innocent.

Long objected to the magistrate judge's recommendation, again arguing his petition was entitled to review because he was actually innocent. Long claimed he lacked the requisite mens rea for first degree murder because he only intended to hurt his father not kill him. Although the district court was "sympath[etic] with [Long's] plight" and had "grave concerns as to whether [he] had effective assistance of counsel before and during trial," it adopted the magistrate judge's recommendation and dismissed Long's petition as untimely. (R. Doc. 13 at 3.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides state prisoners one year from the date their convictions become final in which to file a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(A). Long's conviction became final and the statute of limitations began running on January 26, 2004, the date the United States Supreme Court denied certiorari review of the OCCA's decision affirming his conviction. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.") (quotations omitted). Thirty-five days later, on March 2, 2004, Long filed his petition for post-conviction relief in state court. This petition tolled the limitations period, which remained tolled until February

-4-

17, 2005, when the OCCA denied relief. *See* U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."). Consequently, the statute of limitations began running again on February 18, 2005, and Long had 330 days or until January 14, 2006, in which to file his § 2254 petition. *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003). He did not file it until July 18, 2007, and his petition is untimely absent equitable tolling.[2]

Long claims he is entitled to equitable tolling of the limitations period for four reasons. First, he states his January 20, 2004 federal habeas petition, which was timely filed, should have been stayed and abated until he exhausted his state court remedies rather than dismissed without prejudice. Second, he alleges that by dismissing his January 20, 2004 federal habeas petition without prejudice and without designating a time period in which to re-file, the district court misled him into believing it would accept a re-submitted petition "with no problems." (Appellant's Opening Br. at 10.) Third, Long argues he was incompetent to perfect his own appeal. Finally, he claims he is actually innocent of the charged crime.

Only the last issue is properly before us. The district court granted a COA

_____

[2] Even Long's August 2006 federal habeas petition, which was dismissed for failure to pay the filing fee, was untimely.

solely on that issue and Long has not requested a COA from this Court on the other three issues.  *See* 28 U.S.C. § 2253(c)(1)(A), (3); Fed. R. App. P. 22(b)(1); *United States v. Magallanes*, 301 F.3d 1267, 1269 (10th Cir. 2002) ("[A] COA is an issue-by-issue jurisdictional prerequisite to a merits determination on appeal."); *Ross v. Ward*, 165 F.3d 793, 802 (10th Cir. 1999) (Kelly, J., concurring) ("This court does not hear and decide issues on which a COA has not been granted.").  Additionally, while Long argued in the district court he was entitled to equitable tolling because he was actually innocent and objected to the magistrate judge's report and recommendation on that basis, he failed to raise the other three issues, either as objections to the magistrate judge's report and recommendation or otherwise.  Consequently, he has waived them.  *See United States v. Abdenbi*, 361 F.3d 1282, 1288-89 (10th Cir. 2004) (refusing to consider on appeal specific theories for suppression of evidence which were not raised in defendant's district court motion to suppress); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (concluding firm waiver rule requires party to timely and *specifically* object to a magistrate judge's recommendations to preserve an issue for appellate review).[3]

---

[3] None of the exceptions to the firm waiver rule apply as the magistrate judge informed Long of the time period for filing objections and the consequences of failing to do so and neither the interests of justices nor the plain error standard require suspension of the rule.  *See Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006).  In particular Long had almost eleven months after the conclusion of his state post-conviction proceedings in which to file a § 2254 petition.  He did not do so until over two years later.  It was Long's lack of diligence, not any

The AEDPA's statute of limitations is not jurisdictional and can be equitable tolled. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("[A] claim of actual innocence may toll the AEDPA statute of limitations.") A petitioner claiming actual innocence must demonstrate "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995) (quotations omitted). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id*. at 324. This case is no exception.

Long claims he only intended to harm his father and therefore did not act with the requisite intent, namely, malice aforethought. *See* Okla. Stat. Ann. tit. 21, § 701.7(A). He points to the testimony of two psychologists, one of whom testified Long's stunted emotional development and mental disorders played a major role in the commission of the offense and the other of whom testified as to Long's inability to understand the consequences of his actions. Obviously, this

---

action or inaction by the district court as to his January 2004 petition, which is to blame for his untimely petition. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[E]quitable [tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). Moreover, Long has never been adjudged incompetent.

evidence is not new because it was introduced at Long's trial. Additionally, the

OCCA has already rejected this claim:

> Here, [Long] considered what to do as he sat by his sleeping father with weapons in hand. He admitted that he knew his father would probably die. He stabbed his father twice in the chest with a dagger and when his father awoke he stabbed him three times in the neck with a knife. As his mother approached, [Long] told her to let him die.

*Long*, 74 P.3d at 107. Moreover, actual innocence means factual innocence, not

legal innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is

important to note . . . that 'actual innocence' means factual innocence, not mere

legal insufficiency."); *Laurson*, 507 F.3d at 1233 (same). Because Long admits

his actions caused his father's death, he is not factually innocent. *See Beavers v.*

*Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (concluding petitioner had failed to

show actual innocence where he did not claim he was innocent of killing the

victim but rather that he was not guilty of first degree murder because he was

intoxicated and acted in self defense).

**AFFIRMED.**

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge