FILED
United States Court of Appeals
Tenth Circuit

December 31, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROGER DRACH,

      Petitioner - Appellant,

v.

LOUIS BRUCE,

      Respondent - Appellee.

No. 08-3052
(D.C. No. 07-CV-03135-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

      Petitioner-Appellant Roger Drach, a Kansas state prisoner, seeks a certificate of

appealability ("COA") in order to challenge the district court's dismissal of his petition

for writ of habeas corpus as untimely. Mr. Drach concedes that he did not file his petition

within one year of the date on which his judgment became final, as required by 28 U.S.C.

§ 2244(d)(1). Instead, he argues that the limitations period is an unconstitutional

---

      [*]   This Order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the
briefs and the appellate record, this three-judge panel has determined unanimously that
oral argument would not be of material assistance in the determination of this matter. *See*
Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument.

suspension of the writ. U.S. Const. art. I, § 9, cl. 2. We find that no reasonable jurist could conclude that the district court's dismissal was incorrect. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we **DENY** Mr. Drach's application for a COA and **DISMISS** his appeal.

## I.  BACKGROUND

On August 19, 1994, Deanna Drach, the wife of Petitioner Roger Drach, died in their home from a gunshot wound to the chest. Mr. Drach was charged with her murder and tried in Finney County, Kansas. He has always maintained that he is innocent and that his wife committed suicide. On October 31, 1997, Mr. Drach was convicted by a jury of first-degree premeditated murder, aggravated battery with great bodily harm, and criminal possession of a weapon. He appealed his conviction, arguing that the trial court erred in (1) refusing to allow his expert witness to testify regarding a purported suicide note, (2) refusing to find that a prosecutor had a conflict of interest, (3) allowing a "surprise witness" to testify for the state, and (4) admitting hearsay testimony. On April 18, 2000, the Kansas Supreme Court entered its final opinion, affirming the conviction. *State v. Drach*, 1 P.3d 864 (Kan. 2000). Mr. Drach chose not to seek review by the Supreme Court of the United States. His conviction became final on July 17, 2000, when the time to file a petition for certiorari expired.

Mr. Drach took no further action until April 16, 2004, when he filed a motion for post-conviction relief under Kansas law. The motion was denied. *Drach v. Bruce*, 136 P.3d 390 (Kan. 2006), *cert. denied*, 127 S. Ct. 1829 (2007). He then filed a petition for

writ of habeas corpus, 28 U.S.C. § 2254, in the United States District Court for the District of Kansas. His claims of error are largely the same as those he raised on direct appeal.[1] Mr. Drach conceded that the limitations period for filing a habeas petition expired in July 2001. He also admitted that "he could not establish an 'actual innocence' claim in the manner prescribed by the Supreme Court . . . because he had no 'new evidence.'" Aplt. Br. at 25. Finally, he admitted that there were no "rare and exceptional circumstances beyond his control necessitating equitable tolling of § 2244(d)'s statute of limitations." Aplt. Br. at 26 (quotation marks omitted). Mr. Drach's only argument is that the limitations period, as applied to him, is an unconstitutional suspension of the writ of habeas corpus. Relying on our decision in *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), the district court rejected his claim. It dismissed Mr. Drach's petition and denied his motion for a COA. This appeal followed.

## II. DISCUSSION

A state prisoner cannot appeal the denial of a petition for writ of habeas corpus unless a COA is issued, first. 28 U.S.C. § 2253(c)(1)(A). In order to receive a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the petition is denied on procedural grounds, the prisoner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] He added a claim of ineffective assistance of counsel and violation of the Sixth Amendment in that "trial counsel deprived him of his right to testify on his own behalf." Aplt. Br. at 19.

There is a one year period of limitations on petitions for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As relevant here, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute is tolled while any state post-conviction proceedings are pending. 28 U.S.C. § 2244(d)(2). It is uncontested that Mr. Drach's conviction became final in July 2000 and that the limitations period expired well before Mr. Drach filed his first motion for post-conviction relief in April 2004.

Mr. Drach argues that the limitations period is unconstitutional. The Constitution guarantees that "[t]he privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. But not every restriction on the writ rises to the level of a suspension. *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("[J]udgments about the proper scope of the writ are 'normally for Congress to make.'") (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996)). We have previously recognized that, in some cases, there may be "serious constitutional questions" about the limitations period. *Miller*, 141 F.3d at 978. Nonetheless, § 2244(d)(1) is constitutional, provided it does not "render[] the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Id.* at 977 (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). "The burden is on the petitioner to demonstrate inadequacy and ineffectiveness." *Id.*

Mr. Drach cannot carry this burden. In order to avoid any unconstitutional

applications, we have held that § 2244(d)(1) is "not jurisdictional and . . . may be subject to equitable tolling." *Miller*, 141 F.3d at 978. Tolling is limited to "'rare and exceptional' circumstances" and "should not be used to thwart the intention of Congress in establishing a statute of limitations for habeas claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *see also March v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[Tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). Mr. Drach concedes that there are no exceptional circumstances that would warrant tolling the limitations period in this case. In fact, he has failed to give any reasons for why he waited nearly four years before seeking post-conviction relief. Absent any explanation, he cannot show that the opportunities he voluntarily passed up were inadequate or ineffective.

Mr. Drach attempts to distinguish *Miller*, noting that Miller admitted his guilt and was only challenging the length of his sentence. He argues that the constitutional concerns are more acute when, as here, the question is whether an innocent man has been wrongly convicted. It is true that our holdings do not foreclose the possibility that § 2244(d)(1) might be unconstitutional in cases of actual innocence. *Miller*, 141 F.3d at 978. But Mr. Drach concedes that he cannot establish actual innocence. "Actual innocence" requires more than the prisoner's continued insistence that he did not commit the crime. He must produce credible, new evidence, not presented at trial, sufficient to establish that "it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Mr. Drach has no new evidence to present. His declaration of innocence, by itself, does not lessen his burden to prove that the limitations period renders habeas relief inadequate or ineffective.

Finally, Mr. Drach argues that the application of the limitations period violates his due process rights. He claims that § 2244(d)(1) "creates a system which bars review of continued unconstitutional imprisonment in any meaningful form." Aplt. Br. at 57; *see also Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Mr. Drach's due process argument, however, amounts to no more than a repackaging of his suspension clause argument. Consequently, this argument is unavailing. The essence of his complaint is the same—*viz.*, that § 2241(d)(1) unconstitutionally prevents him from contesting his unlawful imprisonment. As noted, Mr. Drach has failed to offer any explanation as to why he did not file his petition within the limitations period. He admits that he has no new evidence of his innocence. Nor has he suggested that there has been an intervening change in the law. The arguments in his habeas petition basically are the same ones that he raised on direct appeal. Instead, Mr. Drach has simply failed to take advantage of the opportunity to file a habeas petition until it was too late. Since he cannot establish that a year was "inadequate or ineffective to test the legality" of his conviction, he also cannot show that he was denied "any meaningful

form" of review.

### III.  CONCLUSION

In light of our previous holding in *Miller*, the district court correctly concluded that the application of § 2244(d)(1)'s limitations period was not unconstitutional.  No reasonable jurist could have found otherwise.  Accordingly, we **DENY** Mr. Drach's application for a COA and **DISMISS** his appeal.

Entered for the Court

Jerome A. Holmes
Circuit Judge