**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUSTIN RYAN LONG,

Petitioner - Appellant,

v.

CHAD MILLER; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents - Appellees.

No. 13-6083
(D.C. No. 5:12-CV-00444-R)
(W.D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Justin Ryan Long, an Oklahoma state prisoner, filed what he styled a "Petition" challenging the district court's denial of his application for relief under 28 U.S.C. § 2254  The district court denied the Petition.  Long now seeks a certificate of appealability (COA) from this court so that he may appeal the district court's decision.  We deny a COA and dismiss the appeal.

On November 28, 2001, Long was convicted in Oklahoma state court of murder and sentenced to life without parole.  The Oklahoma Court of Criminal Appeals (OCCA) affirmed, and the United States Supreme Court denied certiorari.  *See Long v. State*, 74 P.3d 105 (Okla. Crim. App. 2003), *cert. denied*,

540 U.S. 1163 (2004). Long unsuccessfully sought state postconviction relief, and filed two applications under 28 U.S.C. § 2254, which were dismissed without prejudice for failure to exhaust state remedies and failure to pay the filing fee.

On July 18, 2007, Long filed a third § 2254 application in the United States District Court for the Western District of Oklahoma. The district court dismissed the application as untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA), *see* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."), and we affirmed, *see Long v. Peterson*, 291 F. App'x 209 (10th Cir. 2008).

On April 19, 2012, Long filed his Petition, asking the district court to reconsider the dismissal of his third § 2254 application. He argued generally that AEDPA is unconstitutional to the extent that it precludes applicants from vindicating their constitutional rights, and in particular that the application of AEDPA's statute of limitations in his case violated his Fifth, Sixth, and Fourteenth Amendment rights because it barred him from asserting his claim of ineffective assistance of counsel. Long also contended that the court should not have dismissed his application as untimely because he had timely filed two prior § 2254 applications.

The district court held that the Petition was not a second or successive habeas petition because it challenged the district court's prior procedural ruling

and not its disposition on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 535–36 (2005) ("Because petitioner's Rule 60(b) motion challenge[d] only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition"). But it denied the Petition because AEDPA's statute of limitations does not violate the Constitution. Long cannot appeal the district court's decision unless we first grant a COA. *See Spitznas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006).

We deny a COA because reasonable jurists would not debate the correctness of the district court's ruling. The essence of Long's argument is that AEDPA's limitation period cannot deny him the right to obtain habeas-corpus relief. But he provides no authority, nor do we know of any, suggesting that the Fifth, Sixth, or Fourteenth Amendments in themselves require a habeas remedy. The constitutional basis for habeas relief is the Suspension Clause, which states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended . . . ." U.S. Const. art. 1, § 9, cl. 2. But the claim that AEDPA's limitations period violates the Suspension Clause has been squarely rejected by this court. We have held that although there may be circumstances when the limitations period "raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective" in violation of the Suspension Clause, it can properly be applied absent grounds for equitable tolling or a showing of actual innocence or incompetence. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *see*

*Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000) ("[W]e readily conclude that, as a general matter, the § 2244(d) limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus."); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) ("We join the other circuits that have considered this issue and hold that AEDPA's one-year limitation does not constitute a per se violation of the Suspension Clause."); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 113–14 (2d Cir. 2000) ("[B]ecause AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy inadequate or ineffective to test the legality of detention, and therefore does not *per se* constitute an unconstitutional suspension of the writ of habeas corpus." (internal quotation marks omitted)); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam) ("The 1-year limitations period of the AEDPA does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention.  [Defendant] has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired." (footnote and internal quotation marks omitted)).

Long has not shown that AEDPA rendered his right to habeas relief inadequate or ineffective, nor has he shown grounds for equitable tolling or his actual innocence or incompetence. Further, even if his prior dismissed applications were timely, they did not license him to delay filing an application that he would pursue to judgment.

We DENY a COA and DISMISS the appeal. Long's motion to proceed *in forma pauperis* is DENIED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge