**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NEIL JASON WILFONG,

    Defendant - Appellant.

No. 16-6342
(D.C. Nos. 5:16-CV-00217-F
and 5:11-CR-00192-F-1)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

    Neil Jason Wilfong, through counsel, appeals the district court's order denying

his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Exercising

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we initially denied Mr. Wilfong's

application for a certificate of appealability (COA) and dismissed the matter. After

panel rehearing, however, we granted a partial COA and ordered additional briefing.

We now affirm the district court's decision to deny Mr. Wilfong's § 2255 motion.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

On September 6, 2011, a federal grand jury charged Mr. Wilfong in a one-count superseding indictment with possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). On September 19, 2011, a jury found Mr. Wilfong guilty of that charge.

Before sentencing, the United States notified Mr. Wilfong that it intended to seek a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Under the ACCA, a felon with three or more prior convictions for a "serious drug offense" or a "violent felony" must receive a sentence of at least 15 years' imprisonment. *Id.* A "violent felony" is a crime that is punishable by more than one year in prison and (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) "is burglary, arson, . . . extortion, [or] involves use of explosives" (the enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.* § 924(e)(2)(B).

The United States Probation Office also determined that Mr. Wilfong qualified for the enhancement based on a federal conviction for use of a telephone to make a threat as to an explosive device, in violation of 18 U.S.C. § 844(e); a state conviction for larceny from a person, in violation of Okla. Stat. tit. 21, § 1708; and two state convictions for assault with a dangerous weapon, in violation of Okla. Stat. tit. 21, § 645.

2

Mr. Wilfong objected to the ACCA enhancement, contending that neither his federal conviction under 18 U.S.C. § 844(e) nor his state larceny conviction under Okla. Stat. tit. 21, § 1708 qualifies as a predicate violent felony under the ACCA. The sentencing court disagreed and concluded that Mr. Wilfong's federal conviction was a violent felony under the elements clause, and that his state larceny conviction was a violent felony under the residual clause. In determining Mr. Wilfong's federal conviction under 18 U.S.C. § 844(e) was a violent felony under the elements clause, the sentencing court seemingly relied on the underlying facts in the presentence report to define the elements of his conviction. The court then sentenced Mr. Wilfong to 300 months' imprisonment, to be followed by 5 years' supervised release.

A panel of this court upheld Mr. Wilfong's conviction and sentence on direct appeal. *United States v. Wilfong*, 528 F. App'x 814 (10th Cir. 2013) (unpublished). During that appeal, Mr. Wilfong conceded that his two convictions for assault with a dangerous weapon were violent felonies under the ACCA. *Id.* at 820. And we held that Mr. Wilfong's larceny conviction qualified as a predicate offense under the residual clause. *Id.* at 820–21. Because only three predicate offenses were needed to uphold Mr. Wilfong's enhanced sentence, we did not address whether his federal conviction under 18 U.S.C. § 844(e) qualified as a violent felony under the Act. The panel issued its opinion on June 20, 2013, and the mandate issued on July 12, 2013. Mr. Wilfong did not seek further review, so his conviction and sentence became final ninety days later on September 18, 2013. *See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000) (stating that "if a prisoner does not file a petition for a writ of

3

certiorari with the United States Supreme Court after [his] direct appeal," his conviction becomes final "when the time for filing a certiorari petition expires").

Over two years later, on March 4, 2016, Mr. Wilfong filed a motion under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that an enhanced sentence under the ACCA's residual clause violates the Due Process Clause because the residual clause is impermissibly vague. *Id.* at 2557. But the Court noted that its decision "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. The Court made *Johnson*'s holding retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In its response to Mr. Wilfong's motion, the United States conceded that Mr. Wilfong's larceny conviction no longer qualified as a violent felony under *Johnson*. But the United States argued that Mr. Wilfong was not entitled to relief because his challenges to his three other predicate offenses were untimely, as none of them were affected by *Johnson*.

The district court agreed, first ruling that Mr. Wilfong's convictions for assault with a dangerous weapon qualify as violent felonies under the elements clause. The district court then concluded that Mr. Wilfong's challenge to his federal conviction for making a bomb threat was time-barred. Mr. Wilfong brought his challenge more than one year after his 18 U.S.C. § 922(g)(1) conviction became final, and *Johnson* was not implicated because the sentencing court ruled that his federal conviction

4

qualified as a violent felony under the ACCA's elements clause. The district court thus concluded that Mr. Wilfong was not entitled to relief and denied him a COA.

Mr. Wilfong then sought a COA in this court, asserting two claims in support. First, he argued that his federal conviction under 18 U.S.C. § 844(e) is not a violent felony under the ACCA. Second, he argued for the first time that his counsel on direct appeal was ineffective for failing to argue that the sentencing court erred when it relied on the underlying facts in the presentence report to determine whether Mr. Wilfong's § 844(e) conviction was a violent felony.

On March 17, 2017, we issued an order denying Mr. Wilfong's application for a COA, concluding it was not debatable among reasonable jurists whether the district court correctly ruled that Mr. Wilfong's § 2255 motion was untimely. *United States v. Wilfong*, No. 16-6342, 2017 WL 1032571 (10th Cir. Mar. 17, 2017) (unpublished). We reasoned that Mr. Wilfong filed his motion more than one year from the date on which his conviction became final, and that "*Johnson* is not implicated because the sentencing court concluded that Mr. Wilfong's § 844(e) conviction is a violent felony under the elements clause, not the residual clause." *Id.* at *3.

Mr. Wilfong then filed a Petition for Rehearing and for Rehearing En Banc, in which he argued, among other things, that denying his § 2255 motion as untimely violates the Suspension Clause of the United States Constitution because it divests him "of his constitutional right to bring an ineffective assistance of counsel claim in a § 2255 motion." He insisted that

5

the panel's restrictive, four corners application of *Johnson* deprives [him] of the right to *ever* bring a claim for ineffective assistance of appellate counsel based on counsel's failure to properly challenge his § 844(e) conviction: before *Johnson*, [he] could not show prejudice; after *Johnson*, it was too late to bring the claim.

In view of Mr. Wilfong's Suspension Clause argument, we vacated our March 17, 2017 order, granted panel rehearing, and granted a partial COA. *United States v. Wilfong*, No. 16-6342, 2017 WL 1371299 (10th Cir. Apr. 14, 2017) (unpublished). In doing so, we "reaffirm[ed] our decision denying a COA on Mr. Wilfong's ACCA claim" on timeliness grounds, but granted a partial COA on his ineffective assistance of appellate counsel claim. *Id.* at *1. We also ordered the United States to submit a response to Mr. Wilfong's opening brief, to which Mr. Wilfong submitted a reply.[1]

## DISCUSSION

We review de novo the district court's decision that Mr. Wilfong's motion under 28 U.S.C. § 2255 was untimely. *See United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996). After careful examination of the parties' briefing and the relevant legal authorities, we agree with the district court and conclude that Mr. Wilfong's motion—and his ineffective-assistance-of-appellate-counsel claim, in particular—is untimely.

---

[1] On June 14, 2017, the United States moved to supplement the record on appeal to include the transcript of the sentencing hearing held on August 30, 2007, in Case No. CR-07-103-HE, Western District of Oklahoma. Mr. Wilfong opposes the motion. Because the transcript is not material to our resolution of this appeal, we deny the motion.

In general, a prisoner in federal custody has one year to file a § 2255 motion from "the date on which the judgment of conviction becomes final." § 2255(f)(1). That window has since passed, as Mr. Wilfong's judgment of conviction became final on September 18, 2013, yet he did not file his § 2255 motion until March 4, 2016. Mr. Wilfong thus relies on § 2255(f)(3), under which the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Mr. Wilfong filed his motion less than one year after the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), and he argues that his motion involves a right under *Johnson*. But as we explained in our prior order, "*Johnson* is not implicated because the sentencing court concluded that Mr. Wilfong's [18 U.S.C.] § 844(e) conviction is a violent felony under the elements clause, not the residual clause. . . . Thus, *Johnson* does not afford Mr. Wilfong the relief he seeks." *United States v. Wilfong*, No. 16-6342, 2017 WL 1032571, at *3 (10th Cir. Mar. 17, 2017) (unpublished).

As stated, Mr. Wilfong argued for the first time in his Petition for Rehearing and for Rehearing En Banc that denying his § 2255 motion as untimely violates the Suspension Clause of the United States Constitution. Because Mr. Wilfong did not raise this argument below, or even in his opening brief to this court, the argument is forfeited. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127–28 (10th Cir. 2011). And because Mr. Wilfong does not request that we review it for plain error, we could permissibly decline to address it altogether. *See id.* at 1131 ("[T]he failure to argue

for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court."); *United States v. Games-Perez*, 695 F.3d 1104, 1107–09 (10th Cir. 2012) (Murphy, J., concurring in the denial of rehearing en banc) (indicating that plain error applies to an issue raised for the first time in a petition for rehearing, but declining to address the issue because the defendant "never even acknowledged the applicability of the plain error doctrine, let alone attempted to satisfy its requirements"). But "we are not obliged to apply forfeiture principles to [a party's] briefing omission"; indeed, "such decisions are discretionary." *United States v. McGehee*, 672 F.3d 860, 873 n.5 (10th Cir. 2012).

We elect to consider Mr. Wilfong's argument under the plain-error standard of review because it fails nonetheless. To prevail under that standard, Mr. Wilfong must demonstrate "(1) the district court erred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Muñoz*, 812 F.3d 809, 813 (10th Cir. 2016).

The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl. 2. "[N]ot every restriction on the writ rises to the level of a suspension." *Drach v. Bruce*, 305 F. App'x 514, 517 (10th Cir. 2008) (unpublished). And "judgments about the proper scope of the writ are normally for Congress to make." *Felker v. Turpin*, 518 U.S. 651, 664 (1996). But we have held that a restriction violates the Suspension Clause when it "renders the

8

habeas remedy 'inadequate or ineffective' to test the legality of detention." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). Mr. Wilfong bears the burden to show inadequacy or ineffectiveness. *Id.*

In rejecting arguments that § 2255's one-year limitation period violates the Suspension Clause, we have recognized that "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *United States v. Keebler*, 49 F. App'x 267, 269 (10th Cir. 2002) (unpublished) (quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). Similarly, in the § 2254 context for collateral attacks to state convictions, "[w]e have held that although there may be circumstances when the limitations period 'raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective' in violation of the Suspension Clause, it can properly be applied absent grounds for equitable tolling or a showing of actual innocence or incompetence." *Long v. Miller*, 541 F. App'x 800, 802 (10th Cir. 2013) (unpublished) (quoting *Marr*, 141 F.3d at 978).

Here, Mr. Wilfong avers that denying his ineffective-assistance-of-appellate-counsel claim as untimely violates the Suspension Clause. He asserts that he could not have brought that claim before the Supreme Court decided *Johnson* because the presence of three other predicate offenses would have precluded his ability to show prejudice under *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Only after the Court decided *Johnson*, he argues, could he show that appellate counsel's deficient

9

performance was prejudicial. But by then, it was too late for him to bring his claim, thus divesting him of his right to bring it in a § 2255 motion.

Even if there was error, a question we need not reach, it was not plain. "An error is plain if it is clear or obvious under current, well-settled law." *United States v. DeChristopher*, 695 F.3d 1082, 1091 (10th Cir. 2012). Before we will "characterize a proposition of law as well-settled, we normally require precedent directly [on] point from the Supreme Court or our circuit or a consensus in the other circuits." *United States v. Smith*, 815 F.3d 671, 675 (10th Cir. 2016). Mr. Wilfong has not met his burden to direct us to any on-point precedent from the Supreme Court, this circuit, or any other circuit. This comes as no surprise, for "there does not appear to be much that is clear or obvious in the Suspension Clause area." *Abernathy v. Wandes*, 713 F.3d 538, 553 (10th Cir. 2013). Accordingly, any potential error was not plain. And Mr. Wilfong's Suspension Clause argument fails under plain-error review.[2]

## CONCLUSION

We AFFIRM the district court's decision to deny Mr. Wilfong's § 2255 motion as untimely.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[2] On July 7, 2017, Mr. Wilfong moved to expand the COA to include his claim that his 18 U.S.C. § 844(e) conviction is not a violent felony. For the reasons stated in this Order and Judgment, and in our March 17, 2017 Order, we deny the motion.

10