FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL D. GAINES,

     Petitioner - Appellant,

v.

JANET DOWLING,

     Respondent - Appellee.

No. 18-6136
(D.C. No. 5:18-CV-00001-W)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Michael D. Gaines, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the dismissal by the United States District Court for the

Western District of Oklahoma of his application for relief under 28 U.S.C. § 2254. *See*

28 U.S.C. § 2253(c)(1)(A) (requiring a COA for a prisoner in state custody to appeal

from the denial of a writ of habeas corpus). We deny a COA and dismiss the appeal.

I.     **BACKGROUND**

On January 14, 2004, Mr. Gaines pleaded guilty to first-degree murder in the

District Court for Comanche County, Oklahoma, and was sentenced to life imprisonment

without parole. Because Mr. Gaines did not appeal or move to withdraw his plea within

the 10 days allotted under Oklahoma law, *see Clark v. Oklahoma*, 468 F.3d 711, 713

(10th Cir. 2006), his conviction became final 10 days later on January 24. Nearly 13

years later, on October 11, 2016, Mr. Gaines filed an unsuccessful application for state postconviction relief. He appealed, and the Oklahoma Court of Criminal Appeals affirmed in December 2017. On January 2, 2018, Mr. Gaines filed his § 2254 application. He claimed that he had uncovered evidence supporting an involuntary-intoxication defense to the murder charge, relying on an affidavit from a codefendant dated June 30, 2016, stating that the marijuana he gave Mr. Gaines to smoke before the murder had—unbeknownst to Mr. Gaines—been laced with PCP. The district court denied Mr. Gaines's application as untimely and declined to issue a COA. Mr. Gaines now seeks a COA from this court.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present, and the district court is

2

correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

No reasonable jurist could debate the district court's denial of Mr. Gaines's application as untimely. A prisoner pursuing relief under § 2254 generally must file his application in federal court within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Mr. Gaines that period expired on January 24, 2005, long before he sought relief in federal court.

The time limit may be equitably tolled if the prisoner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The only possible circumstance that would warrant equitable tolling here would be "actual innocence." *Laurson v. Leyba*, 507 F.3d 1230, 1232–33 (10th Cir. 2007). Mr. Gaines appears to disclaim tolling on this ground, but any actual-innocence claim would fail anyway. "[A]ctual innocence," means "factual innocence," as opposed to legal innocence. *Id.* at 1233. And the crux of Mr. Gaines's claim appears to be that he could not assent to or participate in the murder given his intoxication—a legal defense. *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (claim that defendant was "not guilty of first degree murder because he was intoxicated" went to "legal innocence, as opposed to factual innocence"); *Long v. Peterson*, 291 F. App'x 209,

3

213 (10th Cir. 2008) (claim that defendant "did not act with the requisite intent, namely, malice aforethought" was not one of factual innocence).

Mr. Gaines does, however, assert that the start of his limitations period was delayed under § 2244(d)(1)(B)–(D). But § 2244(d)(1)(B)—which postpones the start of the limitations period until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"—is inapplicable because Mr. Gaines points to no state-created impediment to filing his § 2254 application. Likewise, he cannot rely on § 2244(d)(1)(C), which delays the start of the limitations period until "the date on which [a] constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This provision is inapplicable because Mr. Gaines fails to point to any "newly recognized" *constitutional* right asserted in his application; the "new" rulings in the cases he cites—*Class v. United States*, 138 S. Ct. 798 (2018); *Buck v. Davis*, 137 S. Ct. 759 (2017); *Trevino v. Thaler*, 569 U.S. 413 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012)—were not based on the Constitution.

That leaves § 2244(d)(1)(D), which delays the start of the limitations period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." But Mr. Gaines has made no showing of due diligence in obtaining the affidavit on which he relies. He does not explain how he acquired the affidavit in 2016, nor does he provide any explanation of why he could

4

not have obtained it sooner.  (He suggests that this evidence was hidden from him by the government, but he provides no evidence that the government ever knew about the PCP.)

In any event, even if Mr. Gaines has satisfied § 2244(d)(1)(D), he is still not entitled to a COA unless he makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), on the ineffective-assistance claim to which the purportedly "new" evidence is relevant.  Although Mr. Gaines claims that his counsel was ineffective in failing to discover before his plea the evidence that he was drugged, he does not show how his counsel could have made the discovery.  It is unusual for counsel to interview a codefendant.  And it is highly unlikely that the codefendant would have revealed this information to Mr. Gaines's counsel before sentencing even if interviewed, as it would have shifted culpability from Mr. Gaines to his codefendant (who ultimately received a lighter sentence than Mr. Gaines did).   Further, Mr. Gaines makes no showing of prejudice from counsel's alleged deficiency, as he does not assert that he would not have pleaded guilty had counsel obtained this information.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement [of an ineffective-assistance claim], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."); *see also United States v. Jansen*, 884 F.3d 649, 659 (7th Cir. 2018) (defendant failed to show prejudice from counsel's alleged failure to investigate when he did not "come forward with objective evidence" that had counsel investigated "he would not have pleaded guilty" (internal quotation marks omitted)).

This falls well short of the "substantial showing" needed to grant a COA. *See* 28 U.S.C. § 2253(c)(2).

## III. CONCLUSION

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge