FILED
United States Court of Appeals
Tenth Circuit

May 23, 2017

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 16-3070

ALEXANDER J. PAULER,

Defendant - Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 6:14-CR-10118-JTM-1)**

Daniel T. Hansmeier, Appellate Chief (Melody Brannon, Federal Public Defender, and David J. Freund, Assistant Federal Defender, with him on the briefs), Kansas City, Kansas, for Defendant-Appellant.

Richard A. Friedman, U.S. Department of Justice, Appellate Staff, Civil Division, Washington, D.C. (Thomas E. Beall, Acting United States Attorney, and Jared S. Maag, Assistant United States Attorney, Topeka, Kansas, on the brief), for Plaintiff-Appellee.

Before **BRISCOE**, **McKAY** and **BALDOCK**, Circuit Judges.

**McKAY**, Circuit Judge.

Defendant Alexander Pauler was convicted of violating 18 U.S.C. § 922(g)(9) by possessing a firearm after having previously been convicted of a misdemeanor crime of

domestic violence. The term "misdemeanor crime of domestic violence" is defined in the pertinent statute as "a misdemeanor under Federal, State, or Tribal law" that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by . . . a person similarly situated to a spouse, parent, or guardian of the victim." 18 U.S.C. § 921(a)(33)(A). The district court denied Defendant's motion to dismiss the indictment for failure to state an offense, holding that Defendant violated § 922(g)(9) because he possessed a firearm in 2014 after having been convicted in 2009 of violating a Wichita, Kansas municipal domestic battery ordinance by punching his girlfriend. The sole issue before us in this appeal is whether a misdemeanor violation of a municipal ordinance qualifies as a "misdemeanor under . . . State . . . law" when viewed in the context of a statutory scheme that clearly and consistently differentiates between state and local governments and between state statutes and municipal ordinances. Applying well-established principles of statutory interpretation, we hold that it does not, and we accordingly reverse and remand with instructions for the district court to vacate Defendant's federal conviction.

Defendant was convicted of violating § 922(g)(9), which provides: "It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Other subsections of § 922 list several other federal firearm offenses, and the preceding

-2-

section, § 921, defines pertinent terms used in this statute. Notably, several of these definitions limit the breadth of what would otherwise seem to be included within the scope of § 922. For instance, § 922(g)(1) prohibits firearm possession by anyone who "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." As defined by § 921(a)(20), however, the phrase "crime punishable by imprisonment for a term exceeding one year" is expressly defined to exclude "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices," as well as "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less," thus limiting the scope of what appears on the face of § 922(g)(1). And in this case, Defendant argues that § 921(a)(33) likewise limits the scope of § 922(g)(9) by defining the term "misdemeanor crime of domestic violence" to refer only to a domestic violence offense that "is a misdemeanor under Federal, State, or Tribal law."

Although we generally review the district court's denial of a motion to dismiss an indictment for an abuse of discretion, Defendant's argument presents a question of law that we review de novo. *See United States v. Duong*, 848 F.3d 928, 931 (10th Cir. 2017) (noting that a district court's error of law is a per se abuse of discretion); *see also Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, 764 F.3d 1199, 1224 (10th Cir. 2014) (explaining that we review questions of statutory interpretation de novo).

The government argues that the term "State" in § 921(a)(33)'s definition section should be interpreted to mean "State and local," so that a municipal misdemeanor conviction would constitute a misdemeanor under state law. In so arguing, however, the government completely ignores the fact that §§ 921 and 922 clearly and consistently differentiate between states and municipalities and between state laws and municipal ordinances. These sections, like the rest of the Gun Control Act, repeatedly use the phrases "State and local" or "State or local" when reference is made both to states and to municipalities, and the government cites to no other provision in this statute where the word "State" is even arguably meant to encompass both state and local governments or laws.[1] The statute's repeated use of the term "local" in juxtaposition with the term "State" would not be necessary if Congress intended for the term "State" to refer both to

---

[1] The district court concluded that the term "State" should also be interpreted to mean "State and local" in § 921(a)(20)(B), which provides that the term "crime punishable by imprisonment for a term exceeding one year" does not include "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." According to the district court, interpreting "State" in this statute to refer only to the State itself would be unfair to individuals who violate municipal ordinances that are punishable by a term of imprisonment exceeding one year but less than two years, since they would fall under the scope of § 922(a)(1) but would not be excluded by § 921(a)(20)(B)'s definitions section, unlike similarly situated state offenders. However, Defendant's attorneys assert that they have researched this issue and were unable to find a single city or municipal ordinance that is punishable by more than one year in prison, and the government cites no authorities to the contrary. Thus, there seems to be no reason that the term "State" in § 921(a)(20)(B) cannot be interpreted consistently with its usage in the rest of the statute to refer only to states, not to municipalities. Notably, the government's appellate brief does not rely on this rationale from the district court's decision.

the state and to all of the political subdivisions within it.[2] If we were to interpret the term "State" in this manner, then much of the statute's language would be unnecessary and superfluous, contrary to the "settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect," *United States v. Nordic Village, Inc.*, 503 U.S. 30, 36 (1992). On the other hand, if we were to interpret the term "State" to mean something different in § 921(a)(33) than it means in all of the preceding and following subsections, then we would be disregarding another "normal rule of statutory construction," the rule that "identical words used in different parts of the same act are intended to have the same meaning." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, ___, 132 S. Ct. 1997, 2004–05 (2012). The government provides no persuasive reason why we should depart from either of these well-established principles of statutory interpretation in this case.

---

[2] Even where the word "local" is not used, the statute clearly differentiates between state and local governments and laws. To take just one example, § 922(b)(2) provides that it is unlawful for a firearm to be sold "to any person in any State where the purchase or possession by such person of such firearm would be in violation **of any State law or any published ordinance** applicable at the place of sale, delivery, or other disposition, unless the licensee knows or has reasonable cause to believe that the purchase or possession would not be in violation of such State law or such published ordinance" (emphasis added), and the term "published ordinance" is then defined in § 921(a)(19) as "a published law of any political subdivision of a State which the Attorney General determines to be relevant to the enforcement of this chapter and which is contained on a list compiled by the Attorney General." Again, if "State law" included all municipal ordinances issued by any city within a particular state, as the government argues in interpreting § 921(a)(33), it would not be necessary for the statute to separately address and define municipal ordinances in addition to "State law."

-5-

Additionally, another standard principle of statutory interpretation provides that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983). Again, the government provides no persuasive reason why this principle should not apply to Congress's exclusion of the word "local" from its list of the sources of law which will give rise to a domestic violence misdemeanor triggering application of § 922(g)(9), when viewed in the context of the repeated references to "local" government and laws throughout the rest of §§ 921 and 922.

To counter these well-established rules of statutory interpretation, all of which weigh in favor of Defendant's interpretation of § 921(a)(33), the government does not cite to any contrary principles of statutory interpretation. Rather, the government contends we should interpret "State" to mean "State and local" in this one subsection of the statute—despite the fact that Congress elsewhere expressly says "State and local" when it means to include local governments or laws within the scope of a particular subsection—because Congress surely intended for municipal domestic violence offenders to be covered under the scope of § 922(g)(9), since the dangers of firearms in the hands of domestic violence offenders are the same regardless of the jurisdictional source of an individual's prior domestic violence conviction. However, as the Supreme Court has recently reiterated, "supply[ing] omissions transcends the judicial function," *Nichols v. United States*, 136 S. Ct. 1113, 1118 (2016), and "[d]rawing meaning from silence is

-6-

particularly inappropriate . . . [when] Congress has shown that it knows how to [address an issue] in express terms," *Kimbrough v. United States*, 552 U.S. 85, 103 (2007).  The government is certainly free to petition Congress to address the perceived deficiency in the scope of this statute's coverage, but it would be inappropriate for this court to depart from all of the well-established rules of statutory interpretation to construe § 921(a)(33) atextually, including more individuals within the scope of a criminal statute than are covered by the plain language of the statute, based simply on policy concerns.  "[W]hat matters is the law the Legislature *did* enact.  We cannot rewrite that to reflect our perception of legislative purpose."  *Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*, 559 U.S. 393, 403 (2010).

The government's other arguments are equally unavailing.  For instance, the government points out that § 922(g)(9) refers to "any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence," and the government contends that the expansive term "any court" in § 922(g)(9) means that § 921(a)(33) must be interpreted expansively so that "State" means "State and local."  However, § 922(g)(9)'s reference to "any court" does not change the fact that the statute consistently uses the term "State" to refer only to a state itself, not to a state plus all of its municipalities.  *See Freeman v. Quicken Loans, Inc.*, 566 U.S. 624, ___, 132 S. Ct. 2034, 2042 (2012) (explaining that the term "any," although imbued with "expansive meaning," is not "transformative": "[i]t can broaden to the maximum, but never change in the least, the clear meaning of the phrase selected by Congress . . .").  The issue here is not the type of

court involved, but the type of offense, and § 921(a)(33) provides that the only domestic violence convictions that qualify are convictions under "Federal, State, or Tribal law." As noted above, several of the definition provisions in § 921 limit the scope of the offenses covered in § 922, and the expansive language in § 922 does not require or even permit us to ignore the limitations placed on its coverage by § 921's definitions. The government's argument that the term "State" should be interpreted to include municipalities because municipalities are political subdivisions deriving their authority from the state is similarly unpersuasive in the context of this statute, which repeatedly uses the phrase "State and local" or "State or local" whenever municipalities are included within the scope of a provision. And the fact that the Bureau of Alcohol, Tobacco, Firearms, and Explosives has inaccurately defined a crime of domestic violence to be "a Federal, State or local offense," 27 C.F.R. § 478.11, rather than the statutorily required "Federal, State, or Tribal" offense, does not affect our analysis of the statutory text. *Cf. United States v. Lunsford*, 725 F.3d 859, 861 (8th Cir. 2013) (refusing to adopt the government's proposed interpretation of a sex-offender registration statute, despite the fact that this interpretation was supported by an agency regulation, where both the regulation and the prosecution failed to "grapple effectively with the language of the statute" and "the text forecloses the government's position").

We interpret "State" to have the same meaning in § 921(a)(33) that it has throughout the rest of §§ 921 and 922 and therefore conclude that "a misdemeanor under Federal, State, or Tribal law" does not include a violation of a municipal ordinance. In

these sections, when Congress refers only to "State" law, it does not also include the laws of a state's political subdivisions.  Accordingly, because Defendant's prior violation of a Wichita municipal ordinance was not a "misdemeanor crime of domestic violence" as defined by § 921(a)(33), the government has not demonstrated that he was prohibited from possessing a firearm under § 922(g)(9).

We therefore **REVERSE** and **REMAND** with instructions for the district court to vacate Defendant's conviction and sentence and to dismiss the indictment.