**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

MICHAEL BRADLEY WESTOVER,

 Defendant - Appellant.

No. 17-8013
(D.C. Nos. 1:16-CV-00112-SWS and
2:04-CR-00171-CAB-4)
(D. Wyo.)

————————————————

**ORDER AND JUDGMENT**[*]
————————————————

Before **McKAY**, **MATHESON**, and **MORITZ**, Circuit Judges.
————————————————

Michael Bradley Westover appeals from a district court order that dismissed his

28 U.S.C. § 2255 motion to vacate the sentence he received under the Armed Career

Criminal Act (ACCA), 18 U.S.C. § 924(e). Exercising jurisdiction under 28 U.S.C.

§§ 1291 and 2253(a), we vacate the district court's decision and remand with directions

that Mr. Westover's motion be denied rather than dismissed.

---

 [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

In May 2006, Mr. Westover pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  A conviction for that offense carries a baseline statutory maximum sentence of 10 years.  *See id.* § 924(a)(2).  But because Mr. Westover had three or more prior convictions "for a violent felony or a serious drug offense, or both," he was subject to the ACCA's 15-year minimum sentence.  *See id.* § 924(e)(1).  When Mr. Westover was sentenced in 2006, the ACCA defined a "violent felony" as an offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).  18 U.S.C. § 924(e)(2)(B).

The Probation Office's presentence report (PSR) identified six ACCA predicate convictions based on the following offenses:  three Wyoming burglaries, one cocaine distribution, an escape, and an attempted escape.[1]  In his written objections to the PSR, Mr. Westover argued that some of his 1985 burglary convictions were not violent

---

[1] When Mr. Westover was sentenced, escape convictions were routinely held to fall within the ACCA's residual clause.  *See, e.g.*, *United States v. Moudy*, 132 F.3d 618, 620 (10th Cir. 1998).  The Supreme Court later clarified that escape-related convictions do not automatically support an ACCA enhancement.  *See Chambers v. United States*, 555 U.S. 122, 124 (2009).  In deciding Mr. Westover's appeal, we do not consider whether his escape-related convictions could have counted toward his ACCA sentence.

felonies under the ACCA because they did not involve a dwelling or a threat of violence.[2]

The Probation Office responded, stating that "any generic burglary qualifies, and the analysis is not limited to burglaries of dwellings. *See Taylor v. United States*, 110 S. Ct. 2143 (1990)." R., Vol. III at 19.[3]

At the July 2006 sentencing hearing, Mr. Westover's counsel did not mention his prior written objection to the PSR. Instead, he argued that although Mr. Westover "qualifie[d] technically as an armed career offender" under the Sentencing Guidelines, the ACCA was not "appropriately applied in his case." R., Vol. II at 38. He argued for a lesser sentence based on Mr. Westover's mental-health issues, childhood trauma, drug use, and non-violent behavior. The district court noted that counsel had not addressed "the subject of objections to the [PSR]," and it then summarily overruled them. *Id.* at 42. After hearing allocution, the court sentenced Mr. Westover to the 15-year minimum required by the ACCA. Mr. Westover did not appeal.

Almost ten years later, in May 2016, Mr. Westover filed the instant § 2255 motion to vacate his ACCA sentence. He contended that his burglary convictions were too broad to fit under the ACCA's enumerated-offenses clause, so the district court must have

---

[2] The scope of his objection is unclear. It has not been included in the record. We assume that he objected to at least two of his burglary convictions because if his objection covered only one, his drug offense and remaining (unchallenged) two burglary convictions would have been sufficient to support an ACCA enhancement.

[3] In *Taylor*, the Supreme Court held that the ACCA's sentencing enhancement applies to burglary convictions "if [the defendant] is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599.

determined they were residual clause offenses. He then pointed out that the Supreme Court has declared the ACCA residual clause to be unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (holding that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law" because the "clause both denies fair notice to defendants and invites arbitrary enforcement by judges"); *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that *Johnson* applies retroactively in cases on collateral review).

The district court rejected Mr. Westover's arguments, determining that (1) "the sentencing court relied on the enumerated offenses clause" and (2) "at the time of [Mr. Westover's] sentencing in 2006, his prior [burglary] convictions properly counted under the ACCA's enumerated offenses clause." R., Vol. I at 187, 189. The court thus concluded that, without a sentence tied to the invalidated residual clause, Mr. Westover could not seek relief under *Johnson*. It further held that this conclusion rendered his § 2255 motion untimely. *See* 28 U.S.C. § 2255(f) (prescribing a one-year limitations period). The district court granted Mr. Westover a certificate of appealability.

## II. DISCUSSION

Mr. Westover argues that a *Johnson* error occurred because "the ACCA [gave] the sentencing court the option of applying the residual clause." Aplt. Opening Br. at 13. Similarly, he claims error because "the residual clause potentially played a role in his sentencing" in that "[i]t is impossible to tell from the sentencing record whether the sentencing court found that his burglary predicates fell under the enumerated clause, the elements clause, or the residual clause." *Id.* at 9.

4

## A. **Standard of Review and Legal Background**

"[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Miller*, 868 F.3d 1182, 1186 (10th Cir. 2017) (internal quotation marks omitted). "A court's determination that a defendant qualifies for an ACCA enhancement is a finding," albeit one "that rests largely on legal conclusions." *United States v. Snyder*, 871 F.3d 1122, 1128-29 (10th Cir. 2017) (brackets and internal quotation marks omitted).

In *Snyder*, this court recently articulated the framework to evaluate *Johnson* claims like Mr. Westover's: We examine "both the record before the sentencing court and the relevant background legal environment at the time of sentencing" to determine whether an ACCA sentence was based on the residual clause. *Id.* at 1128-29 (internal quotation marks omitted).[4]

## B. **Analysis**

We reject Mr. Westover's argument, as inconsistent with *Johnson* and *Snyder*, that the sentencing court's mere "option" of applying the ACCA's residual clause constitutes a *Johnson* error. First, *Johnson* involved an actual application of the residual clause—the imposition of an ACCA sentence based on a prior unlawful possession of a short-barreled shotgun. *See Johnson*, 135 S. Ct. at 2556. Second, *Snyder* calls for a record and legal

---

[4] Mr. Westover's reliance on *In re Chance*, 831 F.3d 1335 (11th Cir. 2016), to argue he has no burden to show he was in fact sentenced under the ACCA's residual clause is misplaced. We must follow the analytical framework established in *Snyder*.

5

review to determine whether the sentencing court relied on the residual clause for the ACCA sentence. We therefore turn to the *Snyder* analysis.

### 1. **The Sentencing Record**

The record shows that the sentencing court relied on the enumerated offenses clause to find that Mr. Westover's burglary convictions were violent felonies and qualified as predicates for an ACCA sentencing enhancement. The PSR (1) noted the ACCA's applicability, R., Vol. III at 8; (2) detailed the circumstances of Mr. Westover's three burglary convictions, which involved "a dwelling," a "High School," and "a building," *id.* at 10; and (3) rejected Mr. Westover's attempt to avoid the ACCA by objecting that some of his burglaries did not involve a dwelling or a threat of violence, *id.* at 18-19. The PSR considered the crimes as burglaries, not as whether they "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B) (the residual clause). Indeed, the probation officer who prepared the PSR expressly characterized the crimes as "generic burglar[ies]." R., Vol. III at 19.

Further, at Mr. Westover's sentencing hearing, the court overruled Mr. Westover's objections to the PSR "for [the] reasons stated by the probation officer." R., Vol. II at 42. Defense counsel disputed neither the probation officer's characterization of the crimes as generic burglaries nor the court's reliance on that characterization.

Finally, no reference to the residual clause appears anywhere in the PSR or in the sentencing transcript. Nor is there any discussion as to whether the burglaries might

6

qualify as ACCA predicate offenses because they posed a "risk of physical injury" to others.

The record thus demonstrates that the sentencing court viewed Mr. Westover's burglary convictions as falling squarely in the ACCA's enumerated-offenses clause— which specifically lists "burglary" as the first of four such offenses.

2. **Legal Environment**

The relevant background legal environment at the time of sentencing likewise shows that Mr. Westover was sentenced under the enumerated-offenses clause. *Taylor* provided well-established Supreme Court precedent on burglary under the ACCA when Mr. Westover's sentencing proceeding occurred. *Taylor* addressed the meaning of "burglary" in the ACCA's enumerated-offenses clause, holding that it covers "generic" burglary; i.e., any "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599.

To determine whether an offense constitutes generic burglary, *Taylor* explained that a court should generally use a categorical approach, "look[ing] only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602. *Taylor* provided for a modified categorical approach when the statute "define[s] burglary more broadly, *e.g.*, by . . . including places, such as automobiles and vending machines, other than buildings." *Id.* at 599. This approach is relevant here, given that Wyoming's burglary statute included entry of "occupied structure[s] *or vehicle[s]*." Wyo. Stat. Ann. § 6-3-301(a) (emphasis added).

7

In such cases, *Taylor* said a court may examine "the indictment or information and jury instructions" to ascertain whether the defendant was convicted of a generic burglary offense that would justify a sentence enhancement. *Taylor*, 495 U.S. at 602. When the defendant entered a guilty plea, that examination may include "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005) (plurality opinion).

This legal background shows the sentencing court determined that Mr. Westover's burglary convictions were for generic burglaries, as the charging documents referenced entries of "a dwelling," a high school "building," and another "building." R., Vol. I at 16, 20. The PSR detailed the contents of these documents, and Mr. Westover tendered no objection to their consideration.[5]

---

[5] "[T]he relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing and *does not* take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions." *Snyder*, 871 F.3d at 1129 (emphasis added). For instance, in *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Supreme Court clarified that the modified categorical approach can be used only when a statute is "divisible," such that it defines the crime "alternatively, with one statutory phrase corresponding to the generic crime and another not." *Id.* at 2284, 2286. And in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Supreme Court stressed that "the modified approach serves—and serves solely—as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque," and that it is not "a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts (or otherwise said, involved means) that also could have satisfied the elements of a generic offense." *Id.* at 2253-54.

\* \* \* \*

In light of Mr. Westover's sentencing record and the relevant legal background, we agree with the district court that Mr. Westover's sentence was enhanced based on the ACCA's enumerated-offenses clause, not the residual clause.

The district court erred, however, in concluding that Mr. Westover's § 2255 motion was untimely. His motion was timely because he asserted the right established by *Johnson*— "to be free from a sentence purportedly authorized by the unconstitutionally vague residual clause"—within one year of *Johnson*'s release. *Snyder*, 871 F.3d at 1126; *see also* 28 U.S.C. § 2255(f)(3) (prescribing a one-year limitations period, running from, as relevant here, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Specifically, the Supreme Court decided *Johnson* on June 26, 2015, and made it retroactive in *Welch*. Mr. Westover filed his § 2255 motion asserting *Johnson*'s applicability roughly eleven months after *Johnson*. His motion was therefore timely.

## III. CONCLUSION

The district court's judgment is vacated, and the case is remanded with directions that Mr. Westover's motion be denied rather than dismissed.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

9