FILED
United States Court of Appeals
Tenth Circuit

December 27, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AARON NEAL SAFFORD,

    Defendant - Appellant.

No. 17-8029
(D.C. No. 1:16-CV-00154-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Defendant Aaron Neal Safford seeks a certificate of appealability (COA) to appeal the dismissal by the United States District Court for the District of Wyoming of his motion under 28 U.S.C. § 2255 challenging his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of relief under § 2255). We grant a COA but affirm the dismissal on the merits. Although *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), held that the residual clause of the Armed Career Criminal Act (ACCA), 18

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 924(e),[1] violates due process because it is unconstitutionally vague, Defendant was not sentenced under that clause.

In February 2010, Defendant pleaded guilty to one count of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence report, without objection from Defendant, determined that Defendant was subject to the mandatory minimum 15-year sentence imposed by the ACCA because he had three predicate convictions: namely, two convictions for serious drug offenses (unlawful distribution of a controlled substance) and one conviction for a violent felony (burglary under Wyoming law). On May 14, 2010, Defendant was sentenced to 15 years' imprisonment. He did not appeal.

A year later, Defendant moved for relief under § 2255, claiming that his counsel was ineffective for failure to advise him of the consequences of his guilty plea. The district court set an evidentiary hearing and appointed counsel to represent Defendant, instructing counsel to pay particular attention to (1) whether Defendant's attorney advised him of the 15-year mandatory minimum, (2) whether Defendant had a full understanding of his potential sentence, and (3) whether Defendant would still have pleaded guilty had he known he faced a potential 15-year mandatory minimum sentence.

---

[1] The ACCA defines a *violent felony* as any offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the invalidated residual clause). 18 U.S.C. § 924(e)(2)(B). The statute imposes enhanced sentences on certain defendants with three previous convictions for violent felonies or serious drug offenses. *See id.* at § 924(e)(1).

Before the scheduled hearing, Defendant's newly appointed attorney and the government filed with the district court a "Stipulated Motion for Dismissal with Prejudice." Although the motion said that defense counsel had determined that Defendant had not been adequately advised by his counsel regarding the ACCA sentence, it further stated that Defendant was eligible to be sentenced under the ACCA, in part because his prior conviction for burglary was a conviction for generic burglary, which is an enumerated offense under the ACCA; and, most notably, it said that Defendant now believed that, even had he been properly advised, he would still have pleaded guilty. The court granted the motion to dismiss with prejudice on February 19, 2013.

In June 2015 the Supreme Court's decision in *Johnson* held that the residual clause of the ACCA is unconstitutional. After *Welch v. United* States, 136 S.Ct. 1257, 1265 (2016), held that *Johnson* is to be applied retroactively to cases on collateral review, Defendant obtained authorization from this court to file a second-or-successive motion under § 2255 to argue that *Johnson* invalidated his ACCA sentence enhancement. Upon consideration of the motion, however, the district court dismissed it because the sentencing court had not relied upon the now-invalid residual clause.

After Defendant filed his initial pro se brief, we granted his motion to appoint counsel. Counsel's brief sharpens and expands the arguments in the pro se brief. It relies on *Johnson*, but only indirectly. The central point of the brief is that Defendant's Wyoming burglary conviction cannot serve as an ACCA predicate under the enumerated-offenses clause if the court applies the approach of *Mathis v. United States*, 136 S.Ct. 2243 (2016), which abrogated Tenth Circuit precedent holding that Wyoming burglary

could be a violent felony under that clause. He argues that *Johnson* is relevant because pre-*Johnson* it would have been futile to challenge Wyoming burglary as not coming under the enumerated-offenses clause. Until *Johnson*, he argues, the application of the residual clause would have defeated any claim that the burglary conviction was not a predicate offense under the ACCA. In other words, he contends that he is truly raising a *Johnson* claim because his *Mathis* claim did not become ripe until *Johnson*, even though he is not raising a due-process vagueness claim. Further, Defendant contends that his sentence violates due process because he is statutorily ineligible for that sentence.

We are not persuaded. We rejected the same arguments in *United States* v. *Westover*, No. 17-8013, 2017 WL 4900449 (10th Cir. Oct. 31, 2017). As we stated there, our opinion in *United States v. Snyder*, 871 F.3d 1122, 1128–29 (10th Cir. 2017), requires us to evaluate *Johnson* claims by examining the record to determine whether the ACCA sentence enhancement was in fact based on the residual clause. The "mere 'option' of applying the ACCA's residual clause [does not] constitute[] a *Johnson* error." *Id.* at *3. What Defendant is attempting is to leverage the irrelevant *Johnson* decision to enable him to apply *Mathis* retroactively. We can admire the effort, but we cannot permit such a circumvention of habeas law.

We **AFFIRM** the denial of Defendant's motion.  We **DENY** defendant's Motion

for leave to proceed *in forma pauperis* as moot.

<div style="margin-left:50%">

Entered for the Court


Harris L Hartz
Circuit Judge

</div>