**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NEIL JASON WILFONG,

    Defendant - Appellant.

No. 16-6342
(D.C. Nos. 5:16-CV-00217-F
and 5:11-CR-00192-F-1)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

    Neil Jason Wilfong was sentenced to 300 months' imprisonment under the Armed Career Criminal Act (ACCA). He now challenges that sentence on habeas review as unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and argues that his conviction for making a bomb threat no longer qualifies as a violent felony under the ACCA. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we reverse.

_____

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     BACKGROUND

In 2011, Mr. Wilfong was convicted of possession of a firearm after a felony conviction, and the government sought an enhanced sentence on the ground that Mr. Wilfong was an armed career criminal. *See United States v. Wilfong* (*Wilfong I*), 528 F. App'x 814, 815–16 (10th Cir. 2013) (unpublished). Under the ACCA, a felon with three or more convictions for a serious drug offense or violent felony is an armed career criminal and faces a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e). The ACCA defines "violent felony" as an offense which either: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) "is burglary, arson, . . . extortion, [or] involves use of explosives" (the enumerated offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.* § 924(e)(2)(B). At sentencing, the government claimed that four of Mr. Wilfong's prior convictions were violent felonies under the ACCA: two Oklahoma state convictions for assault with a dangerous weapon, one Oklahoma state conviction for larceny, and one federal conviction for using a telephone to make a bomb threat, in violation of 18 U.S.C. § 844(e). *Wilfong I*, 528 F. App'x at 819–20.

At sentencing, Mr. Wilfong challenged his classification as an armed career criminal, arguing that his larceny conviction could not be a violent felony because the residual clause of the ACCA was unconstitutional and his § 844(e) bomb threat conviction could not be a violent felony because the threat of force against another

2

person was not a required element of that offense. The sentencing court rejected both arguments. First, the court held that, under Tenth Circuit precedent, his larceny conviction was a violent felony under the residual clause. Next, the court relied on the factual circumstances of Mr. Wilfong's offense—specifically, that he knew the building he threatened was occupied—to find that his § 844(e) bomb threat conviction was a violent felony under the elements clause. After determining that Mr. Wilfong was an armed career criminal, the court sentenced him to 300 months' imprisonment. *Id.* at 816.

On appeal, Mr. Wilfong again argued that neither his larceny conviction nor his § 844(e) bomb threat conviction was a violent felony under the ACCA. *Id.* at 819. But he conceded that his two convictions for assault with a dangerous weapon were violent felonies under the ACCA and thus, "only one additional conviction was necessary to justify the [fifteen]-year minimum" sentence. *Id.* at 820. "[L]ook[ing] to the clearer conviction," a panel of this court determined that Mr. Wilfong's larceny conviction was a violent felony under the residual clause and upheld his sentence. *Id.* at 820–21. Critically, we did not address his challenge to the § 844(e) bomb threat conviction under the elements clause. Mr. Wilfong did not pursue certiorari review or collateral relief at that time.

More than two years later, in *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague and that using it to enhance a defendant's sentence violated the Due Process Clause. 135 S. Ct. at 2557. The Court cautioned, however, that its decision "does not call into question

3

application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Then in *Welch v. United States*, the Court held that, because the ACCA's residual clause "can no longer mandate or authorize any sentence," *Johnson* announced a new substantive rule retroactively applicable to cases on collateral review. 136 S. Ct. 1257, 1264–65 (2016).

Within one year of the Supreme Court's decision in *Johnson*, Mr. Wilfong filed a § 2255 motion for habeas relief, asserting that in the absence of the residual clause none of his prior convictions qualify as violent felonies and, therefore, he was entitled to be resentenced. *See* Order, *United States v. Wilfong* (*Wilfong II*), No. 15:16-cv-00217-F, slip op. at 2 (W.D. Okla. Nov. 21, 2016). The government conceded that, in light of *Johnson*, Mr. Wilfong's prior conviction for larceny was no longer an ACCA predicate. *Id.* But the government argued that Mr. Wilfong "is not entitled to § 2255 relief because [his] remaining three convictions qualify as violent felonies under the elements clause . . . and [his § 844(e) bomb threat] conviction[] also qualifies under the enumerated offenses clause." *Id.* The district court agreed, first concluding that Mr. Wilfong's two convictions for assault with a dangerous weapon were violent felonies under the elements clause. *Id.* at 6. The district court then determined that, because the sentencing court made a finding that Mr. Wilfong's § 844(e) bomb threat conviction was a violent felony under the elements clause, "*Johnson* is not implicated and [Mr. Wilfong] cannot challenge his federal prior conviction under *Johnson*." *Id.* at 7–8. Finally, the district court concluded that because *Johnson* was not implicated, Mr. Wilfong's challenge to the classification of

4

his § 844(e) bomb threat conviction as a violent felony was time-barred and he was not entitled to habeas relief or a certificate of appealability (COA). *Id.* at 8–9.

Mr. Wilfong then sought a COA in this court, asserting two claims in support. *United States v. Wilfong* (*Wilfong III*), No. 16-6342, 2017 WL 1032571, at *2 (10th Cir. Mar. 17, 2017) (unpublished), *vacated*, 2017 WL 1371299 (10th Cir. Apr. 14, 2017). First, he argued that his bomb threat conviction under 18 U.S.C. § 844(e) is not a violent felony under the ACCA. *Id.* Second, Mr. Wilfong argued, for the first time, that his counsel on direct appeal was ineffective for failing to argue that the sentencing court erred in its application of the modified categorical approach by relying on the underlying facts, rather than the elements, of the § 844(e) bomb threat conviction to determine that it was a violent felony. *Id.*

Initially, we denied Mr. Wilfong's application for a COA, concluding it was not debatable among reasonable jurists whether the district court correctly ruled that Mr. Wilfong's § 2255 motion was untimely. *Id.* at *3. We reasoned that Mr. Wilfong filed his motion more than one year from the date on which his conviction became final, and that "*Johnson* is not implicated because the sentencing court concluded that Mr. Wilfong's § 844(e) [bomb threat] conviction is a violent felony under the elements clause, not the residual clause." *Id.*

Mr. Wilfong then filed a Petition for Rehearing and Rehearing En Banc, in which he argued, among other things, that "denying his § 2255 motion as untimely violates the Suspension Clause of the United States Constitution because it divests him 'of his constitutional right to bring an ineffective assistance of counsel claim in a

5

§ 2255 motion.'" *United States v. Wilfong* (*Wilfong IV*), 705 F. App'x 672, 675 (10th Cir. 2017) (unpublished), *vacated*, Order, *United States v. Wilfong* (*Wilfong V*), No. 16-6342 (10th Cir. Oct. 25, 2017) (unpublished).

In view of Mr. Wilfong's Suspension Clause argument, we vacated our previous order and granted a partial COA on his ineffective assistance of counsel claim, but "reaffirmed our decision denying a COA on Mr. Wilfong's ACCA claim" on timeliness grounds. *Id.* at 675 (citation omitted). Analyzing his argument under the plain-error standard, we concluded that any asserted error was not plain and held his "motion—and his ineffective-assistance-of-appellate-counsel claim, in particular—is untimely." *Id.*

Mr. Wilfong again filed for rehearing and rehearing en banc. Prior to our consideration of the petition, another panel of this court issued *United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017). *Snyder* held that "in order to be timely under § 2255(f)(3), a § 2255 motion [challenging an ACCA sentence] need only 'invoke' the newly recognized [*Johnson*] right." 871 F.3d at 1126. Because Mr. Snyder challenged his ACCA sentence by "assert[ing] the right established in *Johnson*," his motion was timely. *Id.* In light of *Snyder*, we granted Mr. Wilfong's petition for a COA, ordered additional briefing, and set the matter for oral argument. *See Wilfong V*, slip op. at 1–2. We now address the merits of Mr. Wilfong's § 2255 application.

## II.    STANDARD OF REVIEW

"On appeal from the denial of a § 2255 motion, ordinarily, we review the district court's findings of fact for clear error and its conclusions of law de novo."

6

*Snyder*, 871 F.3d at 1125. "A court's determination that a defendant qualifies for an ACCA enhancement is a finding . . . that rests largely on legal conclusions. . . ." *Id.* at 1128–29. As such, we review the determination de novo. *United States v. Martinez*, 602 F.3d 1166, 1168 (10th Cir. 2010).

### III.   DISCUSSION

In the nearly three years since the Supreme Court's decision in *Johnson*, courts across the country have received thousands of motions from federal prisoners challenging their ACCA enhancements. Even now, courts continue to grapple with the ever-evolving legal and practical difficulties of distinguishing between movants who are entitled to habeas relief under *Johnson* and movants who are not. To evaluate the merits of these claims, this circuit has established a two-step analytical framework under which we determine first, whether the movant's ACCA-enhanced sentence is erroneous under *Johnson* and second, whether any identified error is harmless. *See United States v. Garcia*, 877 F.3d 944, 948 (10th Cir. 2017) (citing *O'Neal v. McAninch*, 513 U.S. 432, 437–45 (1995)). Under the first step of our analysis, it is the movant's burden to make a threshold showing that his sentence is erroneous under *Johnson*. *See Garcia*, 877 F.3d at 947–48; *Snyder*, 871 F.3d at 1128. Because *Johnson* only invalidated the residual clause of the ACCA, the movant's sentence is erroneous only if it relied on or was authorized by the residual clause. *See id.* If a movant can make this showing, the burden shifts to the government to prove that reliance on the residual clause was harmless. *See Garcia*, 877 F.3d at 948 (citing *O'Neal*, 513 U.S. at 437–45). In the *Johnson* context, erroneous reliance on the

7

residual clause is only harmless if the government can prove that, even without relying on the invalidated residual clause, the movant has three qualifying ACCA predicate offenses. *See id.* at 947–48.

We now apply this framework to Mr. Wilfong's claim, keeping in mind three key points unique to his case: first, it is clear from the record which clause the sentencing court relied on for finding his larceny and § 844(e) bomb threat convictions violent felonies; second, Mr. Wilfong challenged both the constitutionality of the residual clause and the classification of his § 844(e) bomb threat conviction as a violent felony under the elements clause at sentencing and on direct appeal; and third, this court upheld Mr. Wilfong's sentence solely on the ground that the larceny offense was a violent felony under the residual clause.

### A. *Sentence Relied on the Residual Clause*

Several guiding principles govern our determination of whether the movant can successfully show erroneous reliance on the residual clause. First, whether the movant's sentence relied on the residual clause is a question of historical fact that asks whether the sentencing court imposed the ACCA sentence based on the residual clause at the time of sentencing, not whether the challenged offense would qualify as an ACCA predicate offense under current law. *See Snyder*, 871 F.3d at 1128–29; *see also United States v. Buck*, ___ F. App'x ___, 2017 WL 5615844, at *3 & n.3 (10th Cir. Nov. 21, 2017) (unpublished) (finding it irrelevant that arson might not qualify as an enumerated offense under current law because "at the time of sentencing, there would have been 'little dispute' . . . [the] convictions fell within the scope of the

8

ACCA's enumerated-offense clause"). Second, the accuracy of a sentencing court's determination that a prior offense is an ACCA predicate under the elements or enumerated offenses clause is generally not within the scope of a *Johnson* challenge. *See Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016) ("*Johnson* does not have anything to do with the elements clause, . . . and § 2255(f)(3) therefore does not afford prisoners a new one-year period to seek collateral relief on a theory that the elements clause does not apply to a particular conviction."). Finally, when the record is unclear as to which clause the sentencing court relied upon (the court's clausal basis or classification), we look to the "relevant background legal environment at the time of sentencing," i.e., "what the controlling law was at the time of sentencing," to determine the clausal basis of the sentencing court's decision. *Snyder*, 871 F.3d at 1129. This test is applicable, however, only when the record is silent, and the sole question before the reviewing court at this stage is whether the sentencing court relied on the residual clause.

The government argues that Mr. Wilfong's claim fails on the merits because "the record is clear that the sentencing court qualified Mr. Wilfong's prior [§ 844(e)] bomb threat conviction under the elements clause." Aplee. Oral Arg. Resp. at *4. Thus, the government continues, Mr. Wilfong is not entitled to relief because he cannot show that his sentence relied on the residual clause.[1] At first blush, the government's argument is compelling. Indeed, we have consistently denied habeas

---

[1] Although the government initially raised a timeliness argument, it has conceded that Mr. Wilfong's *Johnson* claim is timely under *United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017).

relief where it is clear a sentencing court's ACCA classification relied on the elements clause or enumerated offenses clause. *See, e.g., United States v. Safford*, 707 F. App'x 571, 573 (10th Cir. 2017) (unpublished) (concluding defendant's challenge that his burglary conviction no longer qualified as an ACCA predicate was not a *Johnson* claim, but rather an attempt "to leverage the irrelevant *Johnson* decision to enable him to apply *Mathis*[*v. United States*, 136 S. Ct. 2243 (2016),] retroactively"); *United States v. Westover*, 713 F. App'x 734, 736–37 (10th Cir. 2017) (unpublished) (rejecting the argument that defendant's "burglary convictions were too broad to fit under the ACCA's enumerated-offenses clause, so the district court must have determined they were residual clause offenses"); *United States v. Smith,* 712 F. App'x 789, 790–91(10th Cir. 2017) (unpublished) (denying a COA to defendant where the sentencing court clearly relied on the elements and enumerated offenses clauses despite the offenses failing to meet those clauses under current law). Upon closer review, however, it is apparent that under the unique circumstances of this case, Mr. Wilfong's ACCA sentence was dependent upon the residual clause.

Although an ACCA sentence requires only three predicate offenses, the sentencing court here relied on four of Mr. Wilfong's prior convictions: two for assault with a dangerous weapon, which Mr. Wilfong does not challenge; one for larceny, which the sentencing court classified as a violent felony under the residual clause; and one under § 844(e) for making a bomb threat, which the sentencing court classified as a violent felony under the elements clause. *Wilfong I*, 528 F. App'x at 819–20. As a result, even though the sentencing court identified a residual clause

offense as *one* of his prior offenses, Mr. Wilfong's sentence was not necessarily

authorized or mandated by the residual clause. Rather, it might have been supported

by the three convictions the sentencing court identified as predicate offenses under

the elements clause or enumerated offenses clause. *See Westover*, 713 F. App'x at

736 & n.1 (holding that Mr. Westover was not entitled to relief under *Johnson*

because his three burglary offenses qualified as violent felonies under the enumerated

offenses clause without considering whether the additional predicate offenses of

escape and attempted escape identified in the PSR could have counted toward his

sentence); *United States v. Cherry,* 641 F. App'x 829, 833 (10th Cir. 2016)

(unpublished) (holding that Mr. Cherry was not entitled to be resentenced because the

sentencing court explicitly found that his prior robbery conviction qualified as a

violent felony under *both* the residual and enumerated offenses clause). And, as the

government notes, we do not allow movants to "use *Johnson*'s retroactivity as a back

door way of attacking prior convictions that qualified under the elements [or

enumerated offenses] clause." Appellee's Resp. to Appellant's Pet. for Reh'g and

Reh'g En Banc at *8 (Sept. 14, 2017); *see Snyder*, 871 F.3d at 1130; *United States v.

Geozos*, 870 F.3d 890, 895 (9th Cir. 2017).

Although the government is correct that this might be fatal to a *Johnson* claim

in other contexts, Mr. Wilfong challenged the classification of his § 844(e) bomb

threat conviction as a violent felony both at sentencing and on appeal. The sentencing

court rejected both challenges and relied on all four of Mr. Wilfong's convictions to

support the ACCA enhancement. But on appeal, we upheld Mr. Wilfong's conviction

11

*solely* on the larceny charge, which we identified as a violent felony under the residual clause. *Wilfong I*, 528 F. App'x at 820–21. By doing so, we avoided the question of whether the § 844(e) bomb threat conviction was also a violent felony. As a result, Mr. Wilfong's ACCA sentence—unlike the sentences in *Smith*, *Westover*, and *Cherry*—was authorized by reliance on the residual clause.[2]

Because Mr. Wilfong's sentence relied on and was authorized by the residual clause, he has met his burden to show error under the first step of our analysis.

### B.  Harmless Error

Having determined that Mr. Wilfong's enhanced ACCA sentence rested on an error, the burden shifts to the government to prove that the error was harmless. A *Johnson* error is harmless only if the government can identify three qualifying predicate offenses, without relying on the residual clause. *See Garcia*, 877 F.3d at 947–48; *United States v. Mitchell,* 653 F. App'x 639, 642 (10th Cir. 2016) (unpublished). Mr. Wilfong does not challenge the classification of his assault with a dangerous weapon convictions as violent felonies, and the government has conceded that his larceny conviction no longer qualifies as an ACCA predicate. So, Mr. Wilfong's § 844(e) bomb threat conviction must serve as a third predicate offense

---

[2] We note that, in a typical *Johnson* case, the sentencing court's ACCA determination is dispositive. A departure from this principle is warranted here only because the panel in Mr. Wilfong's direct appeal relied *solely* on the larceny conviction to affirm Mr. Wilfong's sentence, and did so under the residual clause. Had the panel used *both* the larceny and § 844(e) bomb threat convictions to affirm the ACCA enhancement, Mr. Wilfong would be unable to make the threshold showing that his sentence erroneously relied on or was authorized by the residual clause.

12

under the elements clause or enumerated offenses clause for the error to be harmless. *See Garcia*, 877 F.3d at 946–47 (finding *Johnson* error was harmless where the government could "substitute" the invalid residual clause conviction relied on at sentencing with the defendant's prior conviction for a valid predicate offense under the elements clause).

Before we analyze the merits of this claim, we must determine our standard of review. The government argues the sentencing court's determination that Mr. Wilfong's § 844(e) bomb threat conviction qualifies as a violent felony under the elements clause is dispositive; thus, any reliance on the residual clause with respect to the larceny conviction was harmless. In essence, the government asks us to accept the sentencing court's clausal classification of Mr. Wilfong's prior convictions when analyzing harmless error in the same way that we defer to its express reliance on the residual clause as satisfying the first part of the analysis. We decline to do so for several reasons.

First, the two parts of our *Johnson* analysis present different inquiries. The first question asks, *as a matter of historical fact*, whether the sentencing court relied on the residual clause in imposing the ACCA sentence. *See Snyder*, 871 F.3d at 1129. Our sole objective at that first stage of the analysis is to determine what the sentencing court did—even if that decision would be erroneous under current law. *See id.* at 1129–30. The answer to this question determines whether the movant is entitled to seek relief under *Johnson* at all. In contrast, the second part of our analysis tasks us with deciding whether an identified error is harmless *as a matter of law*. *See*

13

*Garcia*, 877 F.3d at 948. That is, we must decide whether the sentencing court's reliance on the now-invalidated residual clause prejudiced the movant. Our determination is not what the sentencing court did; it is whether the classification of the movant as an armed career criminal is correct. The government bears the burden of proof on this issue. *See id.*

The second reason we do not defer to the sentencing court's classification of offenses as violent felonies on harmless error review is that, unlike the sentencing court's historical basis for its imposition of an ACCA sentence, our analysis of the correctness of the ACCA sentence occurs under current law. *See id.* at 948–49 (analyzing whether New Mexico's robbery statute is a violent felony under current law); *see also Geozos*, 870 F.3d at 897–98 (citing *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004); *Bousley v. United States*, 523 U.S. 614, 618–21 (1998); *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13 (1994); *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993)). Finally, even on a motion for habeas relief, "[w]hether a prior conviction satisfies the ACCA's violent felony definition is a legal question we review de novo." *United States v. Titties*, 852 F.3d 1257, 1263 (10th Cir. 2017).

Having decided that the sentencing court's classification of Mr. Wilfong's § 844(e) bomb threat conviction is not entitled to deference, we now analyze de novo whether the offense is a violent felony under the ACCA. At oral argument, the government conceded that Mr. Wilfong's § 844(e) bomb threat conviction "is not a violent felony under the elements clause," Oral Arg. at 23:33–23:53, and we accept

14

this apt concession. Instead, the government relies on the "involves use of

explosives" section of the enumerated offenses clause. As a result, Mr. Wilfong's

classification as an armed career criminal is dependent on whether the § 844(e) bomb

threat conviction is a violent felony under the ACCA's enumerated offenses clause.

The phrase "involves use of explosives" is not defined in the ACCA. *See* 18

U.S.C. § 924(e)(2)(B)(ii). The government argues that a threat to use explosives

"involves use of explosives" for ACCA purposes, and Mr. Wilfong's § 844(e) bomb

threat conviction therefore qualifies as a violent felony.[3] In support, the government

cites *United States v. Shannahan,* which held, for purposes of 18 U.S.C. §§ 2113(a)

and (d),[4] a bank robber who threatens a teller with a bomb that does not actually exist

---

[3] Mr. Wilfong argues that the government waived its enumerated offenses
clause argument by failing to raise the argument in its initial briefing to this court and
by disclaiming any reliance on the enumerated offenses clause in its sentencing
memorandum. *See* ROA vol. 1 at 67 ("[T]hreatening or conveying false information
to destroy an unoccupied building by means of an explosive or fire would suffice as
conduct that violates [18 U.S.C. § 844(e)], but [does] not constitute a crime of
violence/violent felony."). Because we conclude the government's enumerated
offenses argument fails on the merits, we do not decide the waiver issue. *See United
States v. Black*, 773 F.3d 1113, 1115 n.2 (10th Cir. 2014) ("Because [the defendant's]
SORNA claim fails on the merits, this court exercises its discretion to bypass the
relatively complex waiver issue and resolve [the defendant's] appeal on the merits.");
*Planned Parenthood of Kansas & Mid-Missouri v. Moser*, 747 F.3d 814, 837 (10th Cir.
2014) ("Waiver . . . binds only the party, not the court. . . . [I]t is well-settled that courts
have discretion to raise and decide issues sua sponte, even for the purpose of reversing a
lower-court judgment.").

[4] Title 18, United States Code, Section 2113 states:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to
take . . . [any]thing of value belonging to, or in the care, custody, control,
management, or possession of, any bank, credit union, or any savings and
loan association; or

"puts in jeopardy the life of [a] person by the use of a dangerous weapon or device." 605 F.2d 539, 541 (10th Cir. 1979). We are not convinced *Shannahan* is controlling here. Instead, we take guidance from the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995).

In *Bailey*, the Court considered the meaning of "use" in 18 U.S.C. § 924(c)(1), which at that time imposed increased penalties if the defendant "used" a firearm during certain crimes. 516 U.S. at 148. The Court concluded that "use" as for purposes of the statute, includes only "active employment of a firearm," not mere possession.[5] *Id.* at 144. The decision in *Bailey* was superseded by a subsequent amendment to § 924(c)(1) that added "possession" to the statute. *Welch*, 136 S. Ct. at 1267 (noting that "Congress could (and later did) reverse *Bailey* by amending the statute to cover possession as well as use"). Nonetheless, the Supreme Court's reasoning in *Bailey* suggests that the enumerated offenses clause's reference to any

---

. . .
(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person *by the use of a dangerous weapon or device*, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

18 U.S.C. §§ 2113(a), (d) (emphasis added).

[5] A conviction for using a telephone to make a bomb threat does not even require *possession* of explosives. *See* 18 U.S.C. § 844(e) (providing that any person who "through the use of the . . . telephone . . ., willfully makes any threat . . . concerning an attempt or alleged attempt . . . to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property by means of fire or an explosive" will be fined and/or imprisoned for up to ten years).

offense that "involves the use of explosives" requires "active employment" of the explosives. *See United States v. Bowler,* 422 F. App'x 687, 694 (10th Cir. 2011) (unpublished) ("We decline the government's suggestion to ascribe to 'involving the use of' a meaning that would require no more than manufacture or possession.").

Further, the statutory language of § 924(e)(2)(B)(i)–(ii), which criminalizes certain uses of a firearm, demonstrates legislative intent to distinguish between active use and threatened use. The elements clause expressly includes "the use, attempted use, or *threatened use* of physical force." *See* 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added) (stating that "violent felony" includes any crime that "has an element the use, attempted use, or threatened use of physical force against the person of another"). In contrast, the enumerated offenses clause is limited to offenses which "involve[] use of explosives," but does not say anything about threatened use. *Id.* at § 924(e)(2)(B)(ii). Under "standard principle[s] of statutory interpretation . . .[,] 'where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *United States v. Pauler*, 857 F.3d 1073, 1076 (10th Cir. 2017) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). Despite the statutory exclusion of threatened use from the enumerated offenses clause, the government asks us to interpret the "involves use of explosives" language as including both the actual use and the threatened use of explosives. But doing so is contrary to well-established rules of statutory interpretation. *See Pauler*, 857 F.3d at 1077 ("'[S]upplying omissions transcends the

17

judicial function,' *Nichols v. United States*, 136 S. Ct. 1113, 1118 (2016), and 'drawing meaning from silence is particularly inappropriate when Congress has shown that it knows how to address an issue in express terms,' *Kimbrough v. United States*, 552 U.S. 85, 103 (2007)."). If Congress had intended to include offenses involving the threatened use of explosives as a violent felony under the enumerated offenses clause, it could have said so.[6]

For these reasons, we hold that Mr. Wilfong's conviction for making a threat as to an explosive device in violation of 18 U.S.C. § 844(e) is not a violent felony under the ACCA. Mr. Wilfong therefore does not have three prior violent felony offenses as required to classify him as an armed career criminal. The erroneous reliance on the residual clause at Mr. Wilfong's sentencing is not harmless and he is entitled to relief.[7]

---

[6] Our conclusion is further supported by decisions from our sibling circuits discussing the "use of explosives" in the ACCA context. *See United States v. Flores*, 477 F.3d 431, 436 (6th Cir. 2007) ("Section 924(e)(2)(B)(ii) . . . provides that the *use*—rather than the possession—of explosives is conduct that rises to the level of a violent felony."); *United States v. Alexander*, 217 F. App'x 417, 421 (6th Cir. 2007) (unpublished) ("[T]he enumerated 'violent felonies'—burglary, arson, extortion, use of explosives—all typically require the offender to engage in active conduct. . . . [A]n individual who merely *possesses* explosives or *possesses* a match would not commit a 'violent felony[.]'"); *United States v. Oliver*, 20 F.3d 415, 418 (11th Cir. 1994) (§ 924(e)(2)(B)(ii) "requires that the *use*—rather than possession—of explosives gives rise to a potential violent felony"); *see also United States v. Davis*, 202 F.3d 212, 220 (4th Cir. 2000) (relying on *Bailey* to conclude that the "use of explosive[s]" enhancement under the Sentencing Guidelines "requires 'active employment' of explosives").

[7] Because we grant Mr. Wilfong relief on the merits of his *Johnson* claim, we do not address his related ineffective assistance of appellate counsel claims.

## IV.    CONCLUSION

We REVERSE the district court's denial of Mr. Wilfong's § 2255 motion and remand the case for resentencing.

Entered for the Court


Carolyn B. McHugh
Circuit Judge